**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

United States of America,                      Criminal No. 10-157(1) (DWF/JJK)

        Plaintiff,

v.                                              **ORDER AND MEMORANDUM
                                                ADOPTING REPORT
                                                AND RECOMMENDATION**

Michael James Constantine,
also known as John Lee Constantine,
also known as Mike James Constantine,
also known as Michael James Constantino,
also known as, Michael James Constatine,
also known as Michael James Hogeland,
also known as Robert Stewart Hogeland,
also known as Michael James Kellum,

        Defendants.

---

Allen A. Slaughter, Jr., Assistant United States Attorney, United States Attorney's Office, counsel for Plaintiff.

Brook R. Mallak, Esq., Brook Mallak Law Office, PA; and Robert D. Richman, Esq., counsel for Defendant.

---

This matter is before the Court upon Defendant Michael James Constantine's ("Defendant") objections to Magistrate Judge Jeffrey J. Keyes's Report and Recommendation dated August 17, 2010, insofar as it recommends that: (1) Defendant's Pretrial Motion to Suppress Evidence Obtained as a Result of Search and Seizure be denied; and (2) Defendant's Pretrial Motion to Suppress Defendant's Statement to Law

Enforcement be denied. The United States filed a Response Opposing Defendant's Objections to the Report and Recommendation (Doc. No. 36) on August 27, 2010.

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). The factual background for the above-entitled matter is clearly and precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Defendant's objections.

Based upon the *de novo* review of the record and all of the arguments and submissions of the parties and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. Defendant Michael James Constantine's objections (Doc. No. [35]) to Magistrate Judge Jeffrey J. Keyes's Report and Recommendation dated August 17, 2010, are **DENIED**.

2. Magistrate Judge Jeffrey J. Keyes's Report and Recommendation dated August 17, 2010 (Doc. No. [34]) is **ADOPTED**.

3. Defendant's Pretrial Motion to Suppress Evidence Obtained as a Result of Search and Seizure (Doc. No. [18]) is **DENIED**.

4.     Defendant's Pretrial Motion to Suppress Defendant's Statement to Law Enforcement (Doc. No. [19]) is **DENIED**.

Dated:  October 26, 2010        s/Donovan W. Frank
                                DONOVAN W. FRANK
                                United States District Judge

## MEMORANDUM

**Stop and Search of Defendant's Vehicle**

The Court respectfully rejects the notion that the law enforcement agency involved in this case relied on an entirely untested confidential reliable informant.

The facts on the record before the Court and the facts that were in the record before Magistrate Judge Jeffrey J. Keyes establish that the confidential informant had specific knowledge of Defendant's identity, generally where he lived, where he stayed, his girlfriend, and the vehicle in which the Defendant was known to travel.  It was clearly established that the interaction between the informant and law enforcement included self-verifying detail and information that was not necessarily incriminating but corroborated the reliability of the informant.  It should also be noted that law enforcement officials listened to multiple telephone conversations between the confidential informant and the Defendant.  During those conversations, the Defendant was clearly heard, on more than one occasion, making arrangements to trade one firearm for another firearm as well as money.  In fact, on the last recorded telephone conversation, the Defendant agreed to meet the informant at a location away from the address.  Shortly thereafter, the

Defendant left the address while under surveillance to proceed to the meeting that had been overheard on the telephone conversation. It was only after the law enforcement officials involved had this information in their possession that the vehicle was stopped and searched. Consequently, the Court finds and concludes, as Magistrate Judge Keyes did, that the law enforcement officials involved clearly had probable cause and reason to believe that the Defendant was in possession of a firearm that he had just agreed to bring to the location in question. The warrantless search of the vehicle was constitutional pursuant to the automobile exception under the Fourth Amendment requirement for a search warrant. *United States v. Wells*, 347 F.3d 280 (8th Cir. 2003). The law enforcement officers had sufficient probable cause to stop and search the vehicle in which the Defendant was a passenger. The firearm that was the consequence of that search is therefore admissible, along with any other fruits of the search.

**Defendant's Statement**

The Court finds, upon the record before the Court, that the Defendant's waiver was knowing, voluntary, and intelligently given. The record belies the notion that there was coercion or some other kind of promise that caused the Defendant to talk with law enforcement officers. The Defendant's rights were not violated. The statement is admissible on constitutional grounds.

For these reasons, the Court has denied the objections of the Defendant and adopted the Report and Recommendation of the Magistrate Judge.

D.W.F.